In re NORRIS.

(District Court, W. D. New York. April 6, 1910.)

No. 3,508.

1. BANKRUPTCY·(§ 288*)—TRANSFER OF ASSETS—CLAIM AGAINST THIRD PERSON.

Where a bill of sale executed by a bankrupt to his wife was claimed to be in fraud of creditors, the referee was authorized to grant an order against the wife to show cause why such sale should not be set aside and to assert her claim to the property.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. § 288.*]

2. BANKRUPTCY (§ 293*)—JURISDICTION—CLAIMS BY THIRD PERSONS.

The bankruptcy court has power to ascertain whether an adverse claim to property of the bankrupt, made by a third person in possession, is in fact well founded, or is fictitious or colorable.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 411, 417; Dec. Dig. § 293.*]

3. BANKRUPTCY (§ 301*)—ASSETS—DISPOSITION—INJUNCTION.

Where a bankrupt's transfer of assets to his wife was claimed to be in fraud of creditors, and the trustee was about to bring a plenary action against the wife to recover the property, the bankruptcy court was authorized, by Bankr. Act July 1, 1898, c. 541, § 23b, 30 Stat. 552 (U. S. Comp. St. 1901, p. 3431), as amended by Act Cong. Feb. 5, 1903, c. 487, § 8, 32 Stat. 798 (U. S. Comp. St. Supp. 1909, p. 1312), to restrain the wife's disposition of the property during the pendency of such suit.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 464; Dec. Dig. § 301.*]

In the matter of the bankruptcy proceedings of Patrick J. Norris. On motion to continue a stay restraining disposition of property in possession of a third person claiming adversely. Granted.

Webb & Van Demark, for trustee.
William J. Maloney, for adverse claimant.

HAZEL, District Judge. The trustee of the bankrupt herein claims that the bill of sale executed by the bankrupt to his wife was in fraud of creditors, and that the injunction heretofore issued under section 2, subd. 15 (Act July 1, 1898, c. 541, 30 Stat. 545 [U. S. Comp. St. 1901, p. 3421]), should be continued until the title to the property specified in the bill of sale can be determined in a plenary action. The adverse claimant is the wife of the bankrupt, who has possession of the property and claims title thereto under a bill of sale to her from the bankrupt.

In view of the facts, as I understand them, an order to show cause by the referee in bankruptcy directed to Mrs. Norris to assert her claim would not have been improper. In Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405, the Supreme Court decided that the court had power to require the deliverance of property to the bankruptcy court, where such property was held for and on account of the bankrupt. The court has power to ascertain, if an adverse claim be made by a third person in possession of the property, whether such claim is in fact well founded, or if it is fictitious or colorable. Such

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

procedure was not adopted herein, and the moving papers indicate that a plenary action has been or will be begun by the trustee against the adverse claimant.

Under the circumstances, it would seem that the only safe way to protect the rights of the creditors is to continue the injunction until the rights of the parties have been determined by a proper tribunal. Formerly it was doubtful whether a court of bankruptcy could take jurisdiction to restrain the disposition of property in possession of a third person claiming title thereto; but the case of Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814, and the amendment of 1903 (Act Feb. 5, 1903, c. 487, § 8, 32 Stat. 798 [U. S. Comp. St. Supp. 1909, p. 1312]) to section 23b of the bankruptcy act, removes any doubt that may theretofore have existed as to such power. If the proposed sale of the property, which is in the possession of the wife of the bankrupt herein, is not enjoined during the pendency of the plenary action, it is not difficult to perceive that the interests of the general creditors are liable to suffer. Collier on Bankruptcy (7th Ed.) p. 50. The contemplated action by the trustee should be brought within 10 days and be vigilantly prosecuted, and on this condition the injunction will be continued until the further order of the court.

So ordered.