In re GLENN.

(District Court, E. D. Pennsylvania.   March 14, 1911.)

No. 3,935.

BANKRUPTCY (§ 115*)—ASSETS—POSSESSION OF THIRD PERSON—INJUNCTION—PLENARY SUIT.

Where goods within the district alleged to belong to the estate of a bankrupt were in the exclusive possession of M. under a claim of title supported by considerable evidence, the bankruptcy court could not interfere with his possession, or restrain him from selling or removing the property, on the receiver's claim that his possession was pursuant to transactions alleged to constitute preferences or fraudulent agreements; the receiver's remedy being solely by plenary suit to set aside such alleged invalid transactions.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 115.*]

In the matter of bankruptcy proceedings against George A. Glenn. On petition by the receiver for an order restraining George F. Murray from selling, removing, or disposing of certain property alleged to belong to the bankrupt's estate. Petition denied, and restraining order dissolved.

Samuel W. Cooper, for receiver.
J. Hector McNeal and E. Waring Wilson, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

J. B. McPHERSON, District Judge. The prayers of this petition are as follows:

"That your honorable court will issue an injunction, temporary until hearing and permanent thereafter, restraining the said George F. Murray from selling or removing or disposing of any of the said property hereinbefore mentioned, or in any way interfering with your petitioner's right of possession of the same.

"That your honorable court will authorize and empower your petitioner to enter upon any of the premises hereinbefore mentioned and take the property hereinbefore described into his possession and control, as a part of the bankrupt estate of the said George A. Glenn, trading as George A. Glenn & Co., and that the appraisers heretofore appointed by your honorable court shall be authorized and empowered to complete their appraisement of all of the property hereinbefore mentioned, wheresoever the same may be located.

"That the said George F. Murray be enjoined and commanded to deliver to your petitioner all of the aforesaid property which may be either in his possession or control, either at Woodmont, or at 903 Oxford street, or elsewhere."

A hearing of the controversy has been had before the court, and it was my desire to dispose of the whole matter without further proceedings. But I find it impossible, without wholly abandoning regularity of procedure, to transform this petition into a suit to set aside several transactions, either as preferences or as fraudulent agreements. For the present, therefore, I must confine myself to what is properly before me, and, if I do that, it is quite clear that the orders prayed for should not be made. The goods in this district are in the actual and exclusive possession of George F. Murray under a claim of title that is supported by a good deal of evidence, and I cannot dispossess him by a summary order. What might be the result of an appropriate plenary proceeding, I neither decide nor intimate. The following order is made without prejudice to the right of the receiver, or the trustee to be hereafter chosen, to institute such a proceeding, if he shall be so permitted or advised.

The prayer of the petition is refused, and the temporary restraining order, made February 20, 1911, is dissolved.