### In re McGINLEY et al.

### Appeal of FISHBACK et al.

#### (Circuit Court of Appeals, Sixth Circuit. January 15, 1915.)

#### No. 2726.

1. BANKRUPTCY ⬅️102—SEIZURE OF PROPERTY PENDING PROCEEDINGS—INJUNCTION.

F. and two others, promoters and officers of a corporation, having been arrested for fraudulent use of the mails, took corporate funds with which to indemnify the sureties on their bail bonds, and on this alleged act of bankruptcy involuntary proceedings were instituted, and injunctions procured restraining such parties and their wives from withdrawing any deposits in their names or the name of the corporation. The diverted funds of the corporation were returned to the receiver in bankruptcy. On October 1st, F.'s wife and his attorney applied for a modification of the injunction with respect to certificates of deposit in F.'s name, on a petition alleging that they were his individual property, that the corporation had no interest therein, and that the proceeds were needed in his defense. The petition was supported by affidavits which, if true, showed his individual ownership thereof. On a hearing before a special master the petitioning creditors in bankruptcy opposed the modification, without denying F.'s ownership or making any showing that the corporation was interested therein. *Held* that, when the matter came on for hearing before the District Judge on November 2d, the petitioning creditors had been given a sufficient opportunity to dispute F.'s claim, and assuming that it was proper to restrain the use of the certificates until some investigation could be made, the modification should then have been granted.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 156–162; Dec. Dig. ⬅️102.]

2. BANKRUPTCY ⬅️140—SEIZURE OF PROPERTY PENDING PROCEEDINGS.

Such certificates could not, as contended, be held so that they might be available to satisfy a judgment which might be had in a suit brought by the trustee in bankruptcy against F.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225; Dec. Dig. ⬅️140.]

Appeal from the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Petition by Wayne McGinley and others to have the Savage Motor Car Company adjudicated a bankrupt. From an order denying a petition for the modification of an injunction, Katie I. Fishback and another appeal. Reversed and remanded, with directions.

Robert W. Fishback, with Cummings and Taylor, promoted, and became officers and managers of, the Savage Motor Car Company, a corporation which

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

engaged in business at Detroit. On August 10, 1914, these three officers were there arrested, upon warrants from Cincinnati, for alleged fraudulent use of the mails in the promotion of the company, and their individual appearance bonds were fixed at $7,500 each. For the purpose of getting bail they took $22,500 of the corporate funds, and delivered checks or certificates therefor to a surety company, as indemnity for giving bonds. The next day an involuntary petition in bankruptcy against the corporation was filed, alleging this diversion of corporate funds as the act of bankruptcy,[1] and after summary hearing, at which there were present these three and their respective wives and Robert M. Brownson, their attorney, the court issued an order restraining the three officers and Mr. Brownson from withdrawing any deposits in the name of the corporation or in the name of any of these individuals, and from in any way disposing of any of the $22,500 funds. At about the same time, whether by advice of their counsel or solely by order of the court does not appear, the attempt to get these bonds was abandoned, and the $22,500 turned over to the bankruptcy receiver, who had been the same day appointed. On the next day, August 12th, it being represented to the court that Katie I. Fishback, wife of Robert W., was endeavoring to cash $3,000 of certificates standing in his name, another injunction was issued, directed to the same three officers and their respective wives and Mr. Brownson, more explicitly forbidding the negotiation or use of any certificate standing in the name of any one of the three officers.

No further proceedings appear until, on September 17th, Messrs. Fishback, Cummings, and Taylor, with Mrs. Fishback, joined in a petition requesting that the injunctions be so modified as to permit them to cash their individual certificates and withdraw their individual deposits. This petition was denied September 21st, without prejudice. On October 1st it was renewed or in part renewed, by the petition of Mrs. Fishback and Mr. Brownson, which showed that on August 10th Mr. Brownson was engaged as attorney for Fishback in the criminal proceeding; that on that day Mrs. Fishback had in her possession certificates of deposit amounting to $3,000 standing in her husband's name; that he directed her to cash them and deliver the proceeds to Mr. Brownson; that payment was refused and she thereupon gave Mr. Brownson the certificates themselves; that these certificates were the individual property of Mr. Fishback, and that the corporation had no interest therein; and that they were greatly needed to be used in Mr. Fishback's defense to the criminal prosecution, as neither he nor his wife had any other means and he was in jail. It prayed for relief generally, and specially that the injunction be modified, so that Mr. Brownson might cash the $3,000 certificates. Attached were affidavits which, if true, clearly showed that before the corporation was formed Mr. Fishback had sold his former business for $5,000, had used part for payments to the corporation and for personal expenses, and that this sum of $3,000 was the remainder. Details are given, and affidavits from those who paid the $5,000 which make the showing very strong and unless contradicted it must be regarded as convincing.

The petition was referred to a special master, before whom the petitioning creditors in bankruptcy filed an answer which opposed the desired modification, because (1) Mrs. Fishback and Mr. Brownson were not purchasers of the certificates; and (2 and 3) the corporation had claims against Mr. Fishback, and the certificates ought to be impounded until they could be reached by the trustee in a suit to be brought, if there should be a bankruptcy adjudication, and if a trustee should be appointed. The master treated the petition and affidavits as sufficiently establishing the facts stated until they should be contradicted; no one offered any testimony before him tending to contradict; and he made a report concluding that, because Fishback was an officer of the corporation, the question involved could be heard on a summary proceeding, and that there was power to continue the injunction, but that to justify so doing the petitioning creditors should at least make

---

[1] The record does not show that any adjudication has yet been made. Counsel state that on the trial of the indictment the court directed a verdict of acquittal.

a prima facie case that the corporation was interested in the certificates, and that this they had not done. In order that they might have further opportunity to do so, he recommended that the injunctions be modified as prayed, unless the petitioning creditors gave bond "fully protecting" Mr. and Mrs. Fishback and Mr. Brownson, if it should ultimately be determined that the certificates "ought not to be turned over to the Savage Motor Car Company." It is not clear how such a bond could have hurt the creditors or helped Fishback; but to this report, dated October 15th, the creditors filed objections October 26th, and the matter came on to be heard November 2d before the District Judge. He ordered that the desired modification be denied, but that Fishback or Brownson might withdraw and use the certificates upon giving a $3,000 bond conditioned to redeliver the certificates or pay the full amount to the trustee in bankruptcy, if one should be appointed and if within three months he should commence proceedings to establish, and in due course should establish, that the funds represented by the certificates were legally or equitably the property of the corporation. Mrs. Fishback and Mr. Brownson appealed from this order, claiming that their petition should have been granted without conditions.

E. G. Wasey, of Detroit, Mich., for appellants.
F. H. Watson, of Detroit, Mich., for appellees.

Before KNAPPEN and DENISON, Circuit Judges, and SATER, District Judge.

PER CURIAM. [1] Without deciding whether summary proceedings were sufficient, or whether Mr. Brownson had acquired rights superior to Fishback's, and assuming that the court might rightfully restrain the use of the certificates until some investigation could be made, we think it clear that the maximum of opportunity, which it can be permissible to give petitioning creditors in such a case, was exceeded. Where there is no testimony tending to show that property in the possession of an officer of a bankrupt corporation really belongs to the corporation, or that it has any interest therein, and where there is nothing to challenge the officer's claim of personal ownership, except suspicion due to the general situation, any impounding of the property while petitioning creditors look for evidence at least approaches the margin line of the rightful exercise of power; but, in any event, only the briefest practicable delay can be allowed, and the exercise of diligence must be imposed upon the attacking creditors. In this case, and in response to a superficially convincing showing of personal ownership made by Fishback on October 1st, it appears that after 30 days the creditors had not made even a pro forma denial, much less taken any steps in the direction of disputing Fishback's claim. We are compelled to conclude that, whatever the rights of the parties might have been on October 1st, on November 2d it was not within the provident exercise of discretion to require further delay, or to impose conditions which were equivalent to continuing the injunctions until 3 months after a trustee should be appointed, if that time should ever come.

[2] The contention made before the master, that the certificates should be held so that they might be available to satisfy a judgment which might be had in a suit which might be brought by the trustee against Fishback, was obviously untenable, and seems to be abandoned. Appellees suggest that an issue of ownership should not be tried

219 F.—11

out on affidavits without opportunity for cross-examination. This may be conceded; but we see no necessity for swearing witnesses until the allegations of the petition were denied, or until the petitioning creditors tendered issue and indicated that there was proof to be taken. Appellees say their reason for not doing this was that they regarded their opposition before the master as in the nature of a demurrer. Whatever its character, it was not the exercise of that diligence which the situation required.

The motion to file supplemental return is granted, but because its filing has become immaterial, and without implying approval of the practice. The order appealed from must be reversed, and the cause remanded, with instructions to modify the injunctions as prayed. Appellants will recover costs.