## In re PERL.

District Court, W. D. Pennsylvania.
September 26, 1928.

No. 14389.

Stonecipher & Ralston and Lewis M. Alpern, all of Pittsburgh, Pa., for receiver and petitioning creditors.

Louis C. Burstin, of Duquesne, Pa., for execution creditor.

GIBSON, District Judge. On September 13, 1928, an involuntary petition in bankruptcy was filed in the above-entitled case. On the same day the petitioning creditors filed a petition wherein they declared that the alleged bankrupt, on July 10, 1928, had caused and permitted one Eugene J. Schwartz to confess judgment for $2,800 against him in the court of common pleas of Allegheny county, Pa., upon which an execution was issued on August 27, 1928, out of said court, and by virtue of said writ a levy had been made upon the merchandise and fixtures of the alleged bankrupt, and a sale thereof made to said Eugene J. Schwartz on September 7, 1928, for the sum of $900.

The petitioners declared, among other things, that the confession of judgment and issuance of execution were conceived by the alleged bankrupt and Eugene J. Schwartz in collusion for the purpose of placing the assets of the alleged bankrupt beyond the reach of petitioners and other creditors. Petitioning creditors further represented that the proceeds of the said sheriff's sale were still in the possession of the sheriff, and prayed that the sheriff be enjoined and restrained from paying the same over to the plaintiff in said writ in order to avoid a preference in favor of the said execution creditor.

This court, acting upon said petition, issued a temporary restraining order upon the plaintiff in said execution, Eugene J. Schwartz, wherein he was enjoined from collecting or receiving from the sheriff the amount obtained by means of the sheriff's sale. The temporary restraining order fixed a day for hearing upon the petition. Upon that day counsel for the execution plaintiff appeared and moved the court to vacate and dismiss the restraining order on the ground that the court had no jurisdiction to issue the same.

In support of his motion, counsel cited Taubel, etc., Co. v. Fox, 264 U. S. 426, 44 S. Ct. 396, 68 L. Ed. 770. An examination of that case, however, makes it clear that the facts before the court in that case and the question to be decided were not the same facts, nor the same question before this court in the instant matter. In that case the trustee in bankruptcy sought, by a summary proceeding before the referee, to have the lien on the execution declared void, and to obtain possession of the property. The referee ordered that the judgment creditor show cause before him why this should not be done. The judgment creditor challenged the jurisdiction of the court to make that order, and the Supreme Court held that the bankruptcy court had no jurisdiction to obtain the fund by the summary procedure adopted. But in the present case no attempt has been made by this court to obtain the fund in the hands of the sheriff, but simply to maintain the status quo while the conflicting claims of the execution creditor and the trustee in bankruptcy are being determined. This court has jurisdiction to make such an order. Clarke v. Larremore, 188 U. S. 486, 23 S. Ct. 363, 47 L. Ed. 555. The distribution of the fund will ultimately be made by the state court.

The motion to dismiss the temporary restraining order will be denied, and the injunction continued.

### Order of Court.

And now, to wit, September 26, 1928, after hearing, upon consideration thereof, it is ordered, adjudged, and decreed that the temporary restraining order issued by this court on September 13, 1928, whereby Eugene J. Schwartz, plaintiff in the writ of fi. fa. No. 666, October term, 1928, court of common pleas of Allegheny county, Pa., his agents and attorneys, were jointly and severally enjoined and restrained from collecting or receiving the purchase money realized by the sheriff of Allegheny county, Pa., at the sheriff's sale of the personal property of the alleged bankrupt within named on Sep-

tember 7, 1928, or any part thereof, be, and the same hereby is, continued, pending the determination of the matters and things charged in the involuntary petition in bankruptcy against Isadore Perl filed in this court.

## HOSTETLER v. WOODWORTH, Collector of Internal Revenue.

District Court, E. D. Michigan, S. D. November 12, 1928.

No. 9187.

MacKay, Wiley, Streeter, Smith & Tucker, of Detroit, Mich., for relator.

John R. Watkins, U. S. Dist. Atty., and Charles B. W. Aldrich, Asst. U. S. Dist. Atty., both of Detroit, Mich., for respondent.

TUTTLE, District Judge. Plaintiff, a duly licensed osteopathic physician under the laws of Michigan, on September 17, 1928, made application to respondent, the Honorable Fred L. Woodworth, collector of internal revenue of the United States for the First district of Michigan, for registration under the Harrison Narcotic Act (26 USCA § 691 et seq.), so-called, and offered to pay the federal tax therefor. The collector declined to receive the money or to allow the registration of the relator and to issue a permit to him to dispense narcotic drugs, upon the ground that Deputy Commissioner Nutt in charge of the narcotic division at Washington, D. C., had refused to recognize the decision in this court of Dawkins, District Judge, in the case of Walter P. Bruer, Relator, v. Fred L. Woodworth, Collector of Internal Revenue, Respondent [Bruer v. Woodworth (D. C.) 22 F.(2d) 577], as the law affecting osteopaths other than Dr. Bruer in the district of Michigan. Thereupon relator filed this suit for a writ of mandamus to compel the collector to comply with his demand.

The record in the instant case is identical with the record in the case of Walter P. Bruer, Relator, v. Fred L. Woodworth, Collector of Internal Revenue, supra, except a difference in party relator, who is also a duly licensed osteopathic physician under the laws of the state of Michigan. In the Bruer Case, supra, my learned associate, Judge Dawkins, in a well-considered opinion held that the relator as a practitioner of osteopathy is a "physician" within the meaning of Act No. 92 of the Public Acts of the State of Michigan for the year 1923 (State Narcotic Law) entitling him to possess or dispense the narcotics mentioned in section 1 of said act in the course of his professional practice. This court believes that the opinion of Judge Dawkins in the Bruer Case correctly states the principles of law involved. I adopt and follow that opinion.

Since the decision by Judge Dawkins in the Bruer Case, the Supreme Court of the State of Michigan, in the case of Mutual Life Insurance Co. v. Geleynse, 241 Mich. 659, 217 N. W. 790, held that an osteopath is a physician or practitioner, "and the failure to disclose a consultation with an osteopathic physician in an application for a life insurance policy voids the policy." While the precise question involved in this case has never been decided by the Supreme Court of the State of Michigan, yet the holding in the Geleynse Case clearly assumes an osteopath to be a physician, using the terms "physician" and "practitioner" as synonymous.

A judgment in accordance with these views may be presented.