## SPROUL v. GAMBONE.

### No. 770.

District Court, W. D. Pennsylvania.

July 16, 1940.

Stonecipher & Ralston and Lewis M. Alpern, all of Pittsburgh, Pa., for plaintiff.

Markel & Markel and Jacob A. Markel, all of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

The plaintiff, as trustee in bankruptcy of Vincenzo Parisi, trading as North Diamond Candy Company, is seeking to set aside a bulk sale by bankrupt to defendant of some one hundred and forty-three cigarette-vending machines with their complement of cigarettes and matches; and to recover said machines and the cigarettes and matches contained therein, or their value, on the ground that such sale was fraudulent and void under the provisions of the Pennsylvania Bulk Sales Law of May 23, 1919, P.L. 262, 69 P.S.Pa. § 521 et seq.

The defendant has moved to dismiss on two grounds: (1) pendency of another suit by plaintiff against defendant in this court on the same cause of action; and (2) because the action is barred by the ninety-day limitation of actions contained in the Bulk Sales Act.

As to the first ground of dismissal, we are of the opinion that the pendency of another action is not a matter than can be raised by motion to dismiss under the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. See Rule 12(b). In our view, defense of a multiplicity of suits should be raised by answer. In the argument of counsel, it appeared that the prior suit referred to was a proceeding in the Bankruptcy Court on the voluntary petition of bankrupt filed on January 9, 1940, at No. 20740 in bankruptcy, wherein the plaintiff, then receiver of the bankrupt estate under appointment of this court, on January 15, 1940, filed a petition in this court to set aside this sale and prevent the disposition of the property involved by defendant. This court granted a rule on defendant returnable January 20, 1940, to show cause why this petition should not be granted, ordering an injunction to prevent the disposition of the property pending the hearing of the rule. Defendant answered the petition, denying plaintiff's right to reclaim property. The injunction granted has never been lifted. Then the plaintiff, considering that the matters raised by the answer necessitated the bringing of a plenary suit, brought the instant action.

It is apparent to us that the Bankruptcy Court had power to restrain

the disposition of the property until appropriate action by the trustee in a plenary suit may be begun. See In re Mitchell, 2 Cir., 278 F. 707; In re Norris, D.C., 177 F. 598; In re Mills, D.C., 179 F. 409. We therefore conclude that defendant's first ground of dismissal is not well taken.

The second ground of dismissal raises this question: Is this action barred by the limitation contained in the Pennsylvania Bulk Sales Law (Sec. 3, Act of May 23, 1919, 69 P.S.Pa. § 523), as follows: "And provided further, That no proceeding at law or equity shall be brought against the purchaser to invalidate any such sale after the expiration of ninety (90) days from the consummation thereof."

The complaint avers that the sale took place on November 1, 1939; that the defendant did not demand or receive from bankrupt, as required by the provisions of the Pennsylvania Bulk Sales Law, a written sworn statement setting forth the names and addresses of all creditors of the bankrupt, nor give notice of said sale to said creditors, nor see to it that the purchase-money was applied to payment of bona fide creditors of bankrupt; and that therefore the sale was fraudulent and void as to the creditors of bankrupt. This suit was brought February 20, 1940. The plaintiff contends that the suit was timely, because of the provisions of Section 11, sub. e, of the Bankruptcy Act, 11 U.S.C.A. § 29, sub. e, the applicable part of which is as follows:

"A receiver or trustee may, within two years subsequent to the date of adjudication or within such further period of time as the Federal or State law may permit, institute proceedings in behalf of the estate upon any claim against which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the petition in bankruptcy. Where, by any agreement, a period of limitation is fixed for instituting a suit or proceeding upon any claim, or for presenting or filing any claim, proof of claim, proof of loss, demand, notice, or the like, or where in any proceeding, judicial or otherwise, a period of limitation is fixed, either in such proceeding or by applicable Federal or State law, for taking any action, filing any claim or pleading, or doing any act, and where in any such case such period had not expired at the date

of the filing of the petition in bankruptcy, the receiver or trustee of the bankrupt may, for the benefit of the estate, take any such action or do any such act, required of or permitted to the bankrupt, within a period of sixty days subsequent to the date of adjudication or within such further period as may be permitted by the agreement, or in the proceeding or by applicable Federal or State law, as the case may be."

In our opinion, the plaintiff is right in his contention. The ninety-day limitation of the Pennsylvania Act ceased to apply in this case from the time the petition in bankruptcy was filed; and the trustee's right of action was from then on limited only by the provisions of Section 11, sub. e, of the Bankruptcy Act. See In re Handy-Andy Stores of Louisiana, D.C., 51 F.2d 98; Isaacs v. Neece, 5 Cir., 75 F.2d 566.

A contrary view is expressed in Charlesworth v. Hipsh, Inc., 8 Cir., 84 F.2d 834, 835. That case involved an action by a trustee to recover a payment made to creditors of a bankrupt out of the proceeds of a bulk sale, as a preference. The trustee contended that the payment was voidable under the Missouri Bulk Sales Act; but the court held that the Missouri Bulk Sales Act was inapplicable, and even if applicable, the ninety-day-limitation period had expired; and this statute of limitations was not tolled by the old Section 11, sub. d of the Bankruptcy Act, 11 U.S.C.A. § 29, sub. d. This ruling was therefore not necessary to a decision of the case, and must be regarded as only dictum. In addition, it appears to us that the authorities cited, Charlesworth v. Hipsh, supra; The Harrisburg, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358; Western Fuel Co. v. Garcia, 257 U.S. 233, 42 S.Ct. 89, 66 L.Ed. 210, are not in point, as they are admiralty cases where there was no common law or statutory right to recover for death on the high seas; and the admiralty court applied a state statute allowing recovery in a civil action for wrongful death. The case of Ford, Bacon & Davis, Inc. v. Volentine, 5 Cir., 64 F.2d 800, cited in support of the decision in the case of Charlesworth v. Hipsh, supra, was a suit in a Federal court by reason of diversity of citizenship; and the question at issue was whether the statute of limitation of Mississippi or Louisiana should apply. Then, too, in the

444

Charlesworth case, the court was considering Section 11, sub. d, of the Bankruptcy Act of 1898. This section read as follows:

"Suits shall not be brought by or against a trustee of a bankrupt estate subsequent to two years after the estate has been closed." That is quite different from the new Section 11, sub. e, hereinbefore quoted, which gives the trustee two years from the date of adjudication to sue on "any claim against which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the petition in bankruptcy."

The legislative history of Section 11 clearly indicates Congress was introducing a new provision into the law to cover situations such as exists in the instant case. See original Judiciary Committee Print of the Chandler Act on H. R. 12889, 74th Congress, 2nd Session H. R. 8046, as will be seen by the following foot note to Section 11:

"The principal changes proposed in this Section are:

"An extension of the limitation to receivers.

"A new provision whereunder receivers and trustees may bring action upon claims expiring by state laws between the date of the filing of the petition and the date of adjudication.

"A new provision whereunder the operation of state statutes of limitation is suspended."

This all leads us to the conclusion that defendant's motion to dismiss must be denied, whether the statute of limitations bars either the right or the remedy, for as we view the law, the state statute as to limitation must yield to the requirements of bankruptcy administration. See Van Huffel v. Harkelrode, 284 U.S. 225, 228, 52 S.Ct. 115, 76 L.Ed. 256, 78 A.L.R. 453.

■ Then, too, we are of the opinion that, even though Section 11, sub. e, should be held not to apply to the instant case, yet the motion must be denied in view of the fact that plaintiff started proceedings in the bankruptcy court for an injunction and summary relief for the reclamation of this property within the ninety-day period fixed by the Pennsylvania Act, which proceeding was supplemented by the plenary suit here pending.

■ The plaintiff further contends that the date of consummation of the sale is the date from which the Pennsylvania statute of limitations begins to run; that there is nothing of record in the case to show the date of consummation of the sale; and that therefore there are no facts upon the record from which the court can make a computation of the ninety-day period. However, the complaint said in paragraph 4 that the bankrupt sold these vending machines on November 1, 1939. We consider that a sufficient averment of the date of consummation of the sale.

An order in accordance with this opinion may be submitted.