**In re METZGER'S, Inc.**

No. 9783.

District Court, W. D. Michigan, S. D.

Nov. 8, 1946.

Hilding & Baker and Edward H. Benson, all of Grand Rapids, Mich., for Deane, trustee in bankruptcy.

McCobb, Heaney & Dunn and Edward C. McCobb, all of Grand Rapids, Mich., for defendants.

STARR, District Judge.

Metzger's, Inc., was adjudged bankrupt November 6, 1945, and reference was made to Chester Woolridge, referee. Frank Deane was elected and qualified as trustee, and on April 8, 1946, he filed petition with the referee alleging in substance that certain real and personal property and shares of stock owned by the bankrupt, or in which it had an interest, had been assigned, transferred, and conveyed in fraud of its creditors. In his petition the trustee asked for an order temporarily restraining Walter J. Rawling; Augusta L. Metzger; Marion S. Metzger; David O. Anderson; B. P. Heaney; Thomas R. Metzger; N. R. Patton; George O. Dibble; Harold C. Hill; Lucille Rawling; Mary Anderson; Robert C. C. Heaney; and McCobb & Heaney, a copartnership, from selling, assigning, encumbering or otherwise disposing of their respective interests in the Montcalm Land Company, a copartnership, and from selling, assigning or otherwise disposing of any of the shares of stock of Michigan Processed Foods, Inc., a corporation, and also restraining said Michigan Processed Foods, Inc., from removing, concealing, selling, assigning, encumbering or otherwise disposing of its property and assets, except in the "usual, reasonable and normal course of its business." In his petition the trustee also asked that said parties be directed to show cause why the restraining order, if issued, should not be continued as a temporary injunction until the final determination of a suit to be instituted by the trustee to recover his claimed interest in the property of the Montcalm Land Company and stock and property of Michigan Processed Foods, Inc. (For brevity the above-named parties are herein referred to as defendants.) This petition was granted, and on April 10th the referee entered a temporary restraining order and directed defendants to show cause on April 17th why it should not be continued as a temporary injunction. At the conclusion of a hearing on the order to show cause, the referee granted a temporary injunction, which provided in substance that it should continue in force pending the final determination of a plenary suit to be instituted by the trustee against the defendants. This injunctive order further provided that in case the trustee did not institute suit on or before April 27th, the temporary injunction should terminate.

On April 24th the trustee filed petition with the referee for authority to begin a plenary suit against defendants in the circuit court for Montcalm county, for an accounting and to recover certain shares of stock and real and personal property which he alleged belonged to the bankrupt's estate and had been assigned, transferred or otherwise disposed of in fraud of its creditors. On April 24th the referee authorized the institution of suit, and on April 26th the trustee filed complaint against the defendants in the circuit court for Montcalm county. On April 27th the trustee's attorney filed report of the commencement of such suit. It may properly be noted in this opinion that on May 14th the defendants filed petition to remove the suit from the Montcalm circuit court to this court, that on May 20th an order of removal was entered, and that the defendants then filed motion to dismiss the suit, which motion has not yet been heard.

On April 27, 1946, defendants filed petition for review of the referee's order of April 17th granting the above-mentioned temporary injunction. In his certified record on review the referee included the following papers:

"R–7 Trustee's petition for authority to institute suit filed April 24, 1946.

"R–8 Referee's order dated April 24, 1946, allowing institution and prosecution of suit.

"R–10 Report of Edward H. Benson, attorney for trustee recommencement of suit.

"R–11 Referee's memorandum (of statutes and authorities bearing upon the question of his jurisdiction to grant the temporary injunction)."

Defendants then filed motion to exclude these papers from the referee's certified record on review. They contend that these papers were neither material nor relevant to the questions presented on the petition for review and that their inclusion in the record was contrary to section 39 of the Bankruptcy Act, 11 U.S.C.A. § 67, which provides in part:

"a. Referees shall * * * (8) prepare promptly and transmit to the clerks certificates on petitions for review of orders made by them, together with a statement of the questions presented, the findings and orders thereon, the petition for review, a transcript of the evidence or a summary thereof, and all exhibits."

The question presented by this motion is whether or not the referee erred in including the four above-mentioned papers in his certified record on review. It should be kept in mind that the temporary injunction granted April 17th expressly provided that, if the trustee did not commence the proposed plenary suit by April 27th, the injunction should terminate. It was, therefore, proper for the referee to report in his certificate of review that the plenary suit had been instituted, because, if it had not, the temporary injunction would have terminated and the question on defendants' petition for review would be moot. Undoubtedly the referee could have shortened the record on review by including merely a statement that a plenary suit had been authorized and instituted. However, as the defendants have removed the plenary suit to this court and as the referee's certified record, including the four above-mentioned papers, clearly indicated the findings and orders of the referee and the questions presented, although in a somewhat voluminous form, the court finds no occasion for excluding these papers from the record. Their inclusion was not prejudicial to defendants.

The question presented on defendants' petition for review is whether or not the referee erred in granting the temporary injunction pending the institution and final determination of the trustee's plenary suit against them. Defendants contend that the trustee's petition for temporary restraining and temporary injunctive orders, and the proofs adduced, did not show facts justifying the granting of the temporary injunction and, further, that the referee did not have jurisdiction in the present proceedings to grant the injunction in relation to property in their possession as adverse claimants. They also contend that the referee did not have authority to grant a temporary injunction continuing beyond the beginning of the plenary suit, for the reason that the trustee should seek injunctive relief in that suit.

It should be kept in mind that the bankruptcy proceedings and the trustee's plenary suit are both now pending in this court. In his petition for restraining and injunctive orders, the trustee alleged that in October, 1944, the bankrupt had transferred and conveyed a substantial part of its real and personal property and also a certain contract with the Commodity Credit Corporation, to the Michigan Processed Foods, Inc., and had accepted 1,000 shares of its capital stock in payment therefor. The petition further set forth a series of assignments, transfers, and other transactions involving this property, contract, and stock, which, the trustee alleged, had resulted in a fraud upon the creditors of the bankrupt. The defendants did not answer this petition, and the facts therein stated stood unchallenged. At the hearing on the order to show cause, testimony was taken by defendants, but no showing was made materially controverting the facts set forth in the trustee's petition. It is, therefore, unnecessary to discuss in detail the facts alleged in the petition.

Section 2, sub. a, of the Bankruptcy Act as amended in 1938, 11 U.S.C.A. § 11, sub. a, provides in part:

"a. The courts of the United States hereinbefore defined as courts of bankruptcy are hereby created courts of bankruptcy and are hereby invested, within their respective territorial limits as now established or as they may be hereafter changed, with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in proceedings under this act, in vacation, in chambers, and during their respective terms, as they are now or may be hereafter held, to—* * *

"(15) Make such orders, issue such process, and enter such judgments, in addition to those specifically provided for, as may be necessary for the enforcement of the provisions of this act: Provided, however, That an injunction to restrain a court may be issued by the judge only."

■ In 4 Collier on Bankruptcy, 14th Ed., p. 1487, it is stated:

"The bankruptcy court, under the powers conferred on it by sec. 2a(15), may grant restraining orders, temporary injunctions, or other proper process *to maintain the status quo pending the institution or determination of a plenary suit* or a summary proceeding."

In 1 Collier on Bankruptcy, 14th Ed., p. 277, it is stated:

"The 1938 act thereupon added to former sec. 2a(15) the proviso that 'an injunction to restrain a court may be issued by the judge only.' The negative implication from the language alone would seem to be that in cases other than restraint of a court, the referee does have power to issue an injunction. Moreover, the revised general order 12 only denies to the referee jurisdiction over those proceedings required by the act or the general orders to be had before the judge. In view of the recognition that the weight of authority favored the referee's power to grant stays, and in view of the general broadening of the referee's powers in the act itself, it would seem strange for the legislative body not to prohibit specifically referees from exercising such power, had that been its intention."

■ While recognizing that the referee could not, in the proceedings before him, determine title to the property and stock, the court is convinced that under the facts and circumstances shown, he had authority to preserve the status quo by temporarily enjoining the defendants from disposing of the same pending final determination of the claims of the trustee in the proposed plenary suit. In 1 Remington on Bankruptcy, 4th Ed., 1944 Supp., § 418, it is stated:

"Where a plenary proceeding is necessary to avoid fraudulent transfers, the court may, neverthelesss, in a summary proceeding, issue restraining orders to protect the status quo."

See In re Norris, D.C., 177 F. 598; In re California Pea Products, Inc., D.C., 37 F.Supp. 658; In re Perl, D.C., 28 F.2d 1002; In re Custom Shop, Inc., D.C., 1 F. Supp. 32; In re Three Pines Restaurant, Inc., D.C., 15 F.Supp. 53.

■ Defendants argue that, in any event, it was incumbent upon the trustee to apply to the court in which the plenary action was instituted for injunctive relief. In the present case I cannot agree with this contention, particularly in view of the fact that the defendants caused the plenary suit to be removed to this court and that both the bankruptcy proceedings and that suit are now pending in this court.

In the case of In re California Pea Products, Inc., supra, the court stated (37 F.Supp. at page 662):

"In arriving at the extent of power that is conferred upon the referee by Section 2, sub. a(15), the concluding clause of the sub-section is a clear investiture in the referee under a general reference to issue all injunctions in the course of the bankruptcy proceeding necessary to prevent the defeat or impairment of his jurisdiction except that only a judge can enjoin a court."

In the case of In re Norris, supra, the court said in part (177 F. at page 599):

"Under the circumstances, it would seem that the only safe way to protect the rights of the creditors is to continue the injunction until the rights of the parties have been determined by a proper tribunal.

Formerly it was doubtful whether a court of bankruptcy could take jurisdiction to restrain the disposition of property in possession of a third person claiming title thereto; but the case of Bryan v. Bernheimer, 181 U.S. 188, 21 S.Ct. 557, 45 L. Ed. 814, and the amendment of 1903 * * * to section 23b of the bankruptcy act, removes any doubt that may theretofore have existed as to such power. If the proposed sale of the property, which is in the possession of the wife of the bankrupt herein, is not enjoined during the pendency of the plenary action, it is not difficult to perceive that the interests of the general creditors are liable to suffer."

See 4 Collier on Bankruptcy, 14th Ed., p. 1487.

In the present case the referee did not determine or attempt to determine title to the property in question; he did not order the property sequestered or removed from the defendants' possession, nor did he require bond for the trustee's protection. The property was left in defendants' possession, and they could continue their business in the usual and ordinary course. The temporary injunction merely protected and preserved the status quo until the rightful owners of the property and the claims of the trustee could be determined in the plenary suit. The defendants could at any time have applied to the referee for modification of the temporary injunction, but they apparently have not done so prior to petitioning for this review.

The court concludes (1) that under the above-quoted provisions of the bankruptcy act the referee had jurisdiction and authority to grant the temporary injunction in question, and (2) that the facts alleged in the trustee's petition, which were uncontroverted, justified the granting of the injunction.

In support of their contention that the referee did not have jurisdiction to issue the temporary injunction in question, defendants cite In re McGinley, 6 Cir., 219 F. 159; In re Ward, D.C., 104 F. 985; In re Glenn, D.C., 185 F. 554; Continental Illinois National Bank & Trust Co. v. Chicago, Rock Island & Pacific Ry. Co., 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110; In re Jefferson Homes, Inc., D.C., 40 F.Supp. 519; In re Mt. Forest Fur Farms of America, Inc., 6 Cir., 122 F.2d 232. The factual situations and questions presented in these cases distinguish them from the present case on review.

The defendants' petition to amend the referee's certificate on review is denied. The referee's order of April 17, 1946, granting a temporary injunction is affirmed, and the injunction is continued pending final determination of the trustee's plenary suit against defendants. Orders will be entered in accordance with this opinion.