HALPERT

v.

ENGINE AIR SERVICE, Inc. et al.

No. 154, Docket 22931.

United States Court of Appeals, Second Circuit.

Argued Dec. 18, 1953.

Decided April 27, 1954.

Rehearing Denied May 26, 1954.

See also, D.C., 116 F.Supp. 13.

Moore and Swartz, Garden City, N. Y. (James G. Moore and Emerson A. Swartz, Garden City, N. Y., of counsel), for appellants.

Max Schwartz and William J. Rudin, Brooklyn, N. Y., for appellee.

Before CLARK, FRANK and HINCKS, Circuit Judges.

HINCKS, Circuit Judge.

The plaintiff in the court below (the appellee here), as Trustee in Bankruptcy of The Carburetor Corporation, instituted this plenary action [1] on a com-

1. Originally the plaintiff sought relief by summary proceedings in bankruptcy. But the turn-over order thus obtained was vacated by our earlier holding that the subject-matter involved a genuine controversy for the determination of which a

plaint which alleged a voidable transfer under Section 70 of the Bankruptcy Act, 11 U.S.C.A. § 110, and under state law. The original complaint, dated June 22, 1953, also alleged preferential transfers within the ambit of Sections 60 and 67 of the Bankruptcy Act. 11 U.S.C.A. §§ 96 and 107. With the complaint in court, the plaintiff by sworn petition, dated July 30, 1953, and on the sworn allegations of the complaint, obtained an order, which issued on July 31, 1953, to show cause why the defendants, the appellants here, pending the determination of the controversy, should not be restrained as to their disposition of the property involved. Pursuant to that order, plaintiff's petition came on for hearing before Judge Bruchhausen who on October 27, 1953, ruled, "motion granted, settle order on notice." In so ruling, the judge in his appended memorandum noted that in determining the motion he left out of account a previous order of the referee and the proceedings founded thereon but did take into consideration the allegations of the complaint. Pursuant to this ruling, on November 12, 1953 a formal order was entered, the terms of which were adapted to preserve the *status quo* pending the outcome of the action. The notice of appeal from this order was dated November 5 (*sic*), 1953. But since the notice, although dated as stated, expressly refers to the order of November 12, 1953, we treat it as dated on the latter date.

■ Meanwhile, however, on November 4, 1953, Judge Bruchhausen had ordered that the complaint in so far as it claimed preferential or fraudulent transfers under Sections 60 and 67 of the Bankruptcy Act should be dismissed, with leave, however, to the plaintiff within twenty days to file an amended complaint omitting claims based on those sections. In argument on this appeal, the appellants contend that the effect of this partial dismissal of the original complaint by order on November 4, destroyed

the basis of the order appealed from, inasmuch as the Judge in his memorandum of October 27, 1953, indicated that he had taken the complaint into consideration. We see utterly no substance to this contention. Not only on October 27th, when he made his ruling, but also on November 12, 1953, when the ruling was translated into a formal order, the sworn allegations of the complaint were before the Judge and might properly have been taken into account by him just as though they had been restated in the plaintiff's affidavit, appended to its petition for injunctive relief pending final determination of the controversy. Accordingly, we turn to the principal question presented, *viz.*: did the Judge have power to grant the injunctive order without the security required by F.R.C.P., Rule 65(c), 28 U.S.C.A.?

The court below is a Court of Bankruptcy as defined by Sec. 1(10) of the Bankruptcy Act, 11 U.S.C.A. § 1(10), with the powers conferred by Section 2, sub. a(7) of the Bankruptcy Act, 11 U.S.C.A. § 11, sub. a(7). As a Court of Bankruptcy, by the express provisions of Sec. 70, sub. e(3) of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. e(3), it had concurrent jurisdiction with State Courts in a plenary action to determine the plaintiff's claimed right, under Section 70, to recover the property here involved. To be sure, the jurisdiction of the United States District Courts to exercise the broad powers conferred upon Courts of Bankruptcy is somewhat limited by Section 23, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 46, sub. a. But by Section 23, sub. b actions brought under Section 70 are excepted from that limitation. Collier on Bankruptcy, 14th Ed., Vol. 2, page 561.

■ As a Court of Bankruptcy, the court below had power under Section 2, sub. a(15) of the Bankruptcy Act, 11 U.S.C.A. § 11, sub. a(15), to grant the order appealed from: the powers there conferred pertained to the Bankruptcy

plenary action was necessary. In re Carburetor Corp., 2 Cir., 202 F.2d 75, certiorari denied Halpert v. Engine Air Service, Inc., 345 U.S. 957, 73 S.Ct. 939, 97 L.Ed. 1378.

Court not only for use in summary proceedings but also in plenary actions. Collier on Bankruptcy (14th Ed.) Vol. 2, page 306; Vol. 4, page 1487; Vol. 3, page 1035, note 47. There is ample judicial precedent for the proposition that a Court of Bankruptcy has power under Section 2, sub. a(15) in a proper case to enjoin action taken pursuant to plenary proceedings in other courts the effect of which would be finally to deprive the bankrupt estate of assets claimed by its trustee as belonging to, or recoverable by, the trustee for the benefit of the estate. In re Lustron Corp., 7 Cir., 184 F.2d 789, certiorari denied, Reconstruction Finance Corporation v. Lustron Corporation, 340 U.S. 946, 71 S.Ct. 531, 95 L.Ed. 682. And the Bankruptcy Court under Section 2, sub. a(15) has power by injunction to preserve the *status quo* pending the institution of a plenary action by the trustee. Steelman v. All Continent Corp., 301 U.S. 278, 57 S.Ct. 705, 81 L.Ed. 1085; In re Metzger's, Inc., D.C., 68 F.Supp. 663; Sproul v. Gambone, D.C., 34 F.Supp. 441. It being thus established that the Bankruptcy Court, in a bankruptcy proceeding, under Sec. 2, sub. a(15) may enjoin to preserve the *status quo* pending a final determination of a controversy which is the subject-matter of a plenary action already instituted in another court or until the trustee may himself institute a plenary action, it must follow, we hold, that the Bankruptcy Court has the same power when it properly entertains jurisdiction of a pending plenary action. Certainly there is nothing in the Bankruptcy Act which denies to the Bankruptcy Court in the discharge of its jurisdiction in a plenary action the powers conferred upon it, without qualification, by Section 2, sub. a(15). Indeed, it would be scarcely sensible to recognize the power on a petition filed in a bankruptcy proceeding docketed as such in the bankruptcy court and to deny the power when invoked by a motion filed and docketed in a plenary action in the same court. The appellants cite no authority, statutory or judicial, for such a senseless distinction.

It follows, we think, that since power to support the order below derives from Sec. 2, sub. a(15) of the Bankruptcy Act, the appellants' contention that the validity of the order appealed from depended upon the posting of an injunction bond in compliance with F.R.C.P. 65(c), is untenable. It was so held in Magidson v. Duggan, 8 Cir., 180 F.2d 473. See also In re Barrett, D.C., 132 F. 362. For the security requirement of Rule 65(c) is a restriction on federal courts in the exercise of their general equitable powers—not a restriction on courts of bankruptcy in the exercise of powers expressly confided to them by the Bankruptcy Act. Certainly the appellants here cite not a single case which holds that Rule 65(c) is a limitation on the bankruptcy powers conferred upon the Courts of Bankruptcy.[2]

This conclusion is supported by F.R. C.P. 64(1) which, with respect to the remedies of "attachment * * * sequestration, and other corresponding * * * remedies" for the "satisfaction of the judgment ultimately to be entered in the action," provides that "any existing statute of the United States governs to the extent to which it is applicable". The order here savored of an attachment in that, *pendente lite*, it limited the defendants' (appellants') rights to dispose of the property in controversy; and it resembled an order of sequestration in that it required the defendants to deposit the income and profits of the property,

---

**2.** The case of Chatz v. Freeman, 7 Cir., 204 F.2d 764, cited by neither party, is in direct conflict with our conclusion expressed above. However, this was a decision by a divided court. We agree with the majority opinion that the language of Rule 65(c) is plain and unmistakable. But we also agree with the dissenting opinion that Rule 65(c), although plainly stated, is not applicable to the situation presented and is not intended or effective to nullify or modify the power to issue injunctive orders without bond plainly conferred upon the Bankruptcy Court by Sec. 2, sub. a(15) of the Bankruptcy Act.

etc., in a special fund for which they were held accountable. Thus the order, although not as far-reaching as an order of attachment or a complete sequestration, savored of both remedies. Under Rule 64(1), Section 2, sub. a(15) of the Bankruptcy Act, which authorizes injunctive orders without bond, was applicable and, we think, the Judge was not constrained by Rule 65(c) to require a bond.

■ Whether a bond should be required was for the sound discretion of the Judge. There is nothing here to show any abuse of discretion. The order itself provided that if the plaintiff failed diligently to prosecute his plenary action the defendants might apply for a modification or for other relief. And of course, if for any other reason the order should become unduly burdensome, the court has inherent power to entertain a motion to dissolve or modify at any time. We find no reason to doubt that the inherent discretion of the Court will be wisely exercised.

Judgment affirmed.

FRANK, Circuit Judge (dissenting).

I think the district court erred in not requiring a bond pursuant to F.R.C.P. 65(c) and General Order in Bankruptcy No. 37, 11 U.S.C.A. following section 53. The Seventh Circuit has recently so held in a case which, as my colleagues say (in their note 2), is in direct conflict with their decision. See Chatz v. Freeman, 7 Cir., 204 F.2d 764. The opinion of that court so adequately states my views that it will serve no purpose for me to report them. It satisfactorily distinguishes In re Barrett, D.C., 132 F. 362, cited by my colleagues. It cites and quotes from 4

Collier, Bankruptcy (14th ed.) 390–391 and 5 Remington (5th ed.) 315.

I would add only this: In In re Lustron Corp., 184 F.2d 798, an earlier decision by the Seventh Circuit,[1] and in three other cases cited by my colleagues,[2] it was held merely that the Bankruptcy Court has power by injunction without bond to grant a temporary injunction to preserve the *status quo* pending (1) the institution of a plenary action by the trustee or (2) his intervention in a plenary suit brought by others elsewhere. Those decisions do not hold that such an injunction without bond shall continue after the plenary suit has been instituted or the trustee has thus intervened; see also 67 Harv.L.Rev. (1953) 512.

Magidson v. Duggan, 8 Cir., 180 F.2d 473, is the only case in accord with my colleagues' decision. I hope that, because of the conflict with the Seventh Circuit decision, the Supreme Court will grant certiorari.

On Petition for Rehearing.

HINCKS, Circuit Judge.

■ The petition is based upon the statement in our opinion that "the sworn allegations of the complaint" were before the judge below when he made his stay order. It is true that this statement is not literally accurate: the complaint was not verified. But it incorporated an agreement between the bankrupt and the individual defendants who were all the stockholders of the corporate defendant and also officers, directors and stockholders of the bankrupt, and this agreement was verified. The complaint also incorporated a "lease" from the corporate defendant to the bankrupt.

1. There the Bankruptcy Court, sitting in Illinois, issued a temporary injunction to prevent parties to a suit pending in Ohio from procuring confirmation of judicial sales, in foreclosure of liens, until the further order of the bankruptcy court. In sustaining the injunction order, the Seventh Circuit said, 184 F.2d at page 796, that that order was temporary and intended to maintain the existing status, in order to permit the bankruptcy trustees a reasonable time to investigate and decide whether they should seek to intervene in the Ohio suit, and there set up the invalidity of the liens.

2. In re Metzger's, Inc., D.C.Mich., 68 F. Supp. 663; Sproul v. Gambone, D.C.Pa., 34 F.Supp. 441; cf. Steelman v. All Continent Corp., 301 U.S. 278, 287, 57 S. Ct. 705, 81 L.Ed. 1085.

Both the verified agreement and the lease were admitted in the defendants' answers to the complaint, together with numerous other allegations of the complaint. These admissions, coupled with the allegations of the plaintiff-appellee's verified petition for the stay, we think constituted a sufficient factual basis to support the exercise of the power conferred on the court by Section 2, sub. a(15) to maintain the *statu quo* pending the determination of the controversy.

Accordingly, the petition for rehearing is in all respects denied, FRANK, J., not concurring.