**GOLDEN WEST AIRLINES, INC.,**
**Petitioner,**

**v.**

**Honorable Rafael Rivera CRUZ, Referee in Bankruptcy, Respondent.**

**Civ. No. 437–71.**

United States District Court,
D. Puerto Rico.

July 8, 1971.

**58**

Goldman, Antonetti & Subirá, Santurce, P. R., for petitioner.

Benjamín Rodríguez Ramón, Hato Rey, P. R., for Trustee of Airspur Caribbean, Inc.

## ORDER DENYING WRIT IN THE NATURE OF A MANDAMUS

TOLEDO, District Judge.

This cause came on to be heard on July 2, 1971 at 2:00 P.M. on plaintiff Golden West Airlines Inc.'s motion filed on June 25, 1971 under the All Writs Act, 28 U.S.C. § 1651, requesting the issuance of an order in the nature of a mandamus directed to Honorable Rafael A. Rivera Cruz, Referee in Bankruptcy of this Court, for the immediate hearing of plaintiff's motion to dissolve a restraining order entered by the Referee on June 15, 1971 at the request of the Trustee of Airspur Caribbean, Inc., a bankrupt in this Court, Bankruptcy Case No. B-84-70, to which last motion the Referee had extended the return date to July 13, 1971, upon the Trustee's petition. The respondent filed his return and motion to quash the writ and the Trustee moved for the dismissal and/or denial of the writ upon motion entitled "Motion to Dismiss Proceeding". Argument was heard on behalf of the plaintiff and the Trustee and documentary evidence was received from the Trustee showing the testimonial evidence in support of the Referee's extension Order dated June 24, 1971. The parties filed memoranda supporting their respective positions.

From the petition and supporting documents filed, the Trustee's motion to dismiss, the Referee's return and motion to quash, and the record of the proceeding before the Referee, it appears that an order was entered by the Referee on June 15, 1971 granting the Trustee ninety days to investigate the transfer of certain aircraft belonging to the bankrupt Airspur Caribbean, Inc. and allegedly placed in the possession of Airspur Corporation, a bankrupt in the United States District Court for the Southern District of New York. Said order also restrained, among others, Golden West Airlines, Inc., and any agent thereof, from removing three airplanes, described in said order, from the Trustee's possession. Golden West filed a motion re-

questing the dissolution of said restraining order on June 23, 1971, and obtained from the Referee a show cause order directed to the Trustee returnable the next day—June 24, 1971 at 9:00 A.M. On said date, the Trustee moved for an extension of time to show cause until July 13, 1971, in order to be in a position to enter a return thereto. The matter was heard before the Referee that very day, June 24, 1971, said Referee having received testimonial evidence from both Golden West and the Trustee as to the issue of whether irreparable damages would be caused to Golden West for the extension requested. The Referee then granted the Trustee's motion for an extension of time to show cause, and restated his restraining order of June 15, 1971. It is the order of June 24, 1971, which Golden West intends to review through filing of its motion under the All Writs Act.

■ At the outset we notice that orders entered by Referees in Bankruptcy are reviewable under Section 39(c) of the Bankruptcy Act through a petition for review. The mentioned section grants a person aggrieved by an order of a Referee a ten-day period to file his petition for review and, further, provides that should a petition be not filed by the person aggrieved within said ten-day period, or any extension thereof, ". . . the order of the referee shall become final . . ." This section, jointly with Section 39(a) 8, embodies a national policy in the administration of bankruptcy estates, and has as its purpose the necessity of placing before the reviewing court all the necessary particulars from the bankruptcy record, in order that review be entertained with all the necessary elements for a correct exercise of the judicial discretion. Such a procedure has not been followed by the plaintiff herein. To the contrary, it has resorted to an extraordinary writ which, in addition to requiring the Referee to sit on a review to his order—a practice criticized as improper—places upon the Court the undue burden of ruling on a limited record of the proceedings had before the Referee. Moreover, the Supreme Court of the United States has stated that due to the drastic and extraordinary nature of this type of proceeding ". . . it is clear that only exceptional circumstances amounting to a judicial 'usurpation of power' will justify the invocation of this extraordinary remedy." Will v. United States, 389 U. S. 90, 95, 88 S.Ct. 269, 273, 19 L.Ed.2d 305 (1967) and cases cited therein.

Irrespective of the aforementioned, and assuming jurisdiction in this Court to review the Referee's order as requested by the petitioner, it is the position of this Court that the petition should be dismissed. Section 2(a) of the Bankruptcy Act authorizes the Bankruptcy Court to "make such orders . . . in addition to those specifically provided for, as may be necessary for the enforcement of the provisions of this Act". In addition to such section, General Order 37 authorizes the Referee—which according to Section 1(9) is "The Court" —to modify the Rules of Civil Procedure for the District Courts of the United States which, according to said Order, are applicable to bankruptcy proceedings, to the extent that they may not be inconsistent with the Bankruptcy Act or with the General Orders in Bankruptcy.

In the exercise of his sound discretion, fully supported on the evidence he had before him at the hearing held on June 24, 1971, the Referee modified Rule 65(b) of the Federal Rules of Civil Procedure, to the extent of (a) granting the Trustee's motion extending the time to show cause to Golden West's motion to dissolve the restraining order; and (b) restating the operation of his order of June 15, 1971 granting the Trustee a ninety-day period to investigate probable voidable transfers of the bankrupt's properties. In thus ordering, the Referee was also exercising his discretionary authority under Rule 64 of the Federal Rules of Civil Procedure. Halpert v. Engine Air Service, 212 F.2d 860 (C.C.A.2 1954).

■ From the argument of counsel, particularly by counsel for the Trustee,

the attention of the Court was called to certain particulars that appear from the bankruptcy record, to wit: (a) the scheduling by the bankrupt Airspur Caribbean, Inc. on November 13, 1970, when it filed under Chapter XI of the Bankruptcy Act, of some $400,000.00 of unidentified and unencumbered flight equipment at Isla Grande Airport: (b) the non-appearance at the first meeting of creditors of the president of said company; (c) the limited aid received by the Trustee upon examining the Comptroller of the bankrupt corporation, Mr. Julio Rivera, whose testimony was heard by the Referee on the mentioned hearing of June 24, 1971; (d) the fact that the petitioner Golden West does not claim to be neither the owner nor lienor of the aircraft whose removal has been restrained; and (e) the extraordinary delay of Golden West in asserting its alleged rights to the said aircraft. The petition for an arrangement with its creditors was filed on November 13, 1970, as it was only recently that a claim of interest in the aircraft was made by Golden West. All the aforementioned circumstances, the Court believes, granted ample support to the Referee's order whose review has been intended by the petitioner Golden West through the utilization of an extraordinary remedy.

In the light of all the particulars formerly outlined, it is the opinion of the Court that Honorable Referee Rafael A. Rivera Cruz acted within his authority under the Bankruptcy Act, the General Orders in Bankruptcy and the Federal Rules of Civil Procedure, upon granting the Trustee the extension of time requested.

Therefore, it is ordered, adjudged and decreed by the Court that the petitioner's motion under 28 U.S.C. 1651 be, and the same is hereby denied.

It is further ordered, that petitioner, Golden West Airlines, Inc. pay to the attorney for Trustee, Benjamín Rodríguez Ramón, attorneys' fees in the amount of $300.00.