McNULTY v. FEINGOLD et al.

(District Court, E. D. Pennsylvania. May 16, 1904.)

No. 1.

**1. BANKRUPTCY—DISTRICT COURTS—JURISDICTION.**

Bankr. Act July. 1, 1898, c. 541, § 2, 30 Stat. 545 [U. S. Comp. St. 1901, p. 3420], conferring on the District Courts of the United States, in the several states, jurisdiction at law and in equity sufficient to enable them to exercise original jurisdiction in bankruptcy, and cause the assets of bankrupts to be collected, reduced to money, and distributed, and to determine controversies in relation thereto, applies to the powers of receivers or the marshal to take charge of property of bankrupts in the possession of third persons after the filing of the bankruptcy petition, and until it is dismissed or a trustee has qualified, when such possession is necessary for the preservation of the estate.

**2. SAME—EQUITY JURISDICTION.**

Under Bankr. Act, § 67e, as amended by Act Cong. Feb. 5, 1903, c. 487, 32 Stat. 800 [U. S. Comp. St. Supp. 1903, p. 417], providing that, for the purpose of recovery of property of a bankrupt fraudulently transferred, any court of bankruptcy, and any such court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction of a suit to recover the same, a trustee in bankruptcy was entitled to maintain a suit in equity for an accounting in the United States District Court against fraudulent transferees of certain accounts of the bankrupt, consisting of a large number of items, the actual value of which could only be ascertained by an accounting, though complainants knew the face value of the accounts.

Davison & Seymour, for complainants.

Furth & Singer, for respondents.

HOLLAND, District Judge. The trustee in this case alleges that on the 5th day of October, 1903, the bankrupts transferred to the respondents certain book accounts, amounting to $1,323.81. The day following, to wit, October 6th, a petition was filed in the District Court of the United States for the Eastern District of Pennsylvania praying that the said Louis Wiesen et al., copartners, trading as Wiesen Bros., and the Penn Waist & Suit Company, be adjudged bankrupts; and on the 27th day of October, 1903, the adjudication in bankruptcy was made. The bankrupts admitted in writing. they were insolvent on the 5th day of October, 1903; and Elias Wiesen, one of the bankrupts, testified before the referee that he knew between the 15th and 20th days of September that the firm of Wiesen Bros. was in failing circumstances. It is further alleged that the transfer was made without consideration, and that no money was paid for the said transfer, nor were goods or merchandise given in exchange therefor. The bill asserts a want of adequate remedy at law, and prays that the respondents named in the bill be compelled to render an accounting of all sums of money collected by them as proceeds of the accounts assigned or transferred to them by Wiesen Bros. To this bill the respondents demur: (1) That the plaintiffs have an adequate remedy at law; (2) the amount of the accounts is known to the complainants and stated in the bill; (3) the trustee may ascertain all the information necessary in a suit at law to recover the

value of the book accounts, or by an examination of the respondents before the referee.

The parties here have been adjudged bankrupts, a trustee appointed, and suit is instituted by him against third parties for the value of property fraudulently conveyed to them by the bankrupt. It is therefore a controversy at law or in equity, within the provision of section 23 (Act July 1, 1898, c. 541, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3431]), and not a proceeding in bankruptcy, wherein summary proceeding can be had. Bardes v. Hawarden Bank, 20 Sup. Ct. 1000, 44 L. Ed. 1175.

By section 2 of the original bankrupt act (30 Stat. 545 [U. S. Comp. St. 1901, p. 3420]), District Courts of the United States in the several states are invested, within their respective territorial limits, "with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings * * * to cause the assets of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto, except as herein otherwise provided." This applies to the powers of receivers or the marshal to take charge of property of bankrupts in the possession of third persons after the filing of the petition, and until it is dismissed or the trustee is qualified, when that is absolutely necessary for the preservation of the estate (Bryan v. Bernheimer, 21 Sup. Ct. 557, 45 L. Ed. 814), and would be a proceeding in bankruptcy, as distinguished from a controversy at law or in equity, within the true interpretation of section 23 (In re Rochford, 124 Fed. 182, 59 C. C. A. 388, 10 Am. Bankr. R. 608).

The transfer comes within the prohibition of section 67e of the bankruptcy act, forbidding the transfer of the property within four months prior to the filing of the petition, with intent and purpose on the part of the transferror to hinder, delay, and defraud creditors; and the trustee is authorized to recover and reclaim the same, by legal proceedings or otherwise, for the benefit of creditors. The subdivision of this section was amended by act of Congress of February 5, 1903, c. 487, 32 Stat. 800 [U. S. Comp. St. Supp. 1903, p. 417], as follows:

"For the purpose of such recovery, any court of bankruptcy, as hereinbefore defined, and any such court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

This amendment empowers the complainants to bring their suit in the District Court. The only question to be determined is whether it should be by bill or suit at common law. We have here the question of accounting together with that of fraud involved, both of which are subjects of equity jurisdiction. The face value of these accounts, of course, is known to the complainants; but their actual value is a different matter, and known only to the respondents, who have, no doubt, collected and reduced them to cash so far as this could be done, and their actual value is entirely within their knowledge.

Under the circumstances, we think that this bill should be sustained, upon the authority of the Supreme Court of Pennsylvania in the case of Bierbower's Appeal, 107 Pa. 14. It is there said:

"The fact that in such case an action of assumpsit might be brought against the principal defendant to recover back such excess will not oust the jurisdic-

tion In equity, where the parties and circumstances are such that the remedy afforded in equity is more appropriate and more convenient than at law."

The case of Conyngham's Appeal, 57 Pa. 474, was a case involving a pledge of collaterals, and, because the account between the parties involved a number of items, it was held properly cognizable in equity. The accounts here assigned are in fraud of creditors, consisting of a number of items, the actual value of which can only be ascertained by an accounting, and this can be accomplished more expeditiously and conveniently in this proceeding.

The demurrer is overruled.